

Lerner David Littenberg
Krumholz & Mentlik LLP
600 South Avenue West
Westfield, NJ 07090
908 654 5000 main
lernerdavid.com

**Aaron S. Eckenthal**
908.518.6370
aeckenthal@lernerdavid.com

December 13, 2018

**Document Filed Electronically**

The Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:    *Indivior Inc. et al. v. Dr. Reddy's Laboratories S.A., et al.*
> Civ. A. Nos. 2:17-cv-7111, 2:18-cv-1775, 2:18-cv-5288-KM-CLW
> **Consolidated Civil Action No. 17-7111**
>
> *Indivior Inc. et al. v. Alvogen Pine Brook, Inc.*
> Civ. A. Nos. 2:17-cv-7106, 2:18-cv-5285-KM-CLW
> **Consolidated Civil Action No. 17-7106**

Dear Judge Waldor:

The undersigned counsel, individually representing Dr. Reddy's Laboratories S.A., and Dr. Reddy's Laboratories, Inc.; and Alvogen Pine Brook LLC (collectively "Defendants") jointly write in response to Plaintiffs' December 12 letter, which Plaintiffs filed in both of the above-captioned cases, seeking to indefinitely delay the *Markman* deadlines in this matter pending resolution of Plaintiffs' not-yet filed petition for rehearing/rehearing *en banc* at the Federal Circuit. Alvogen joins in this response.

Plaintiffs' proposal to adjust the *Markman* dates will stall and prolong this case needlessly. It is incredibly unlikely that Plaintiffs' promised petition will be granted. And, even if Plaintiffs' petition is granted, the requested delay will leave this case stuck in limbo for an indefinite amount of time—potentially more than a year—during which time DRL will remain subject to a preliminary injunction order that is keeping it off the market, and this case will move no closer to final resolution. The delay requested by Indivior will work material, irreparable harm on DRL. Plaintiffs' proposed adjustment to the claim construction briefing schedule should be denied.

Plaintiffs' only argument is that *if* the Federal Circuit grants Plaintiffs' petition for rehearing, ***and*** alters the current majority opinion of the Federal Circuit with regard to claim construction of the term at issue in the appeal, there *may* be an impact on the claim construction of one disputed term in one of the patents asserted in this case. The likelihood of this happening is beyond speculative. First, it is exceedingly unlikely that the Federal Circuit will rehear the appeal. Panel rehearings are rarely granted and typically occur only when an intervening



Magistrate Judge Waldor
December 13, 2018
Page 2

*en banc* or Supreme Court decision has changed the applicable law.[1]  Although Plaintiffs have yet to file their rehearing petition, they have not argued or identified in any discussions, correspondence or meet and confers any intervening change in law that would warrant panel rehearing.  Second, the grant of petitions for *en banc* review are even more rare.  Last year, the Federal Circuit decided 450 patent cases—30 of which included a dissent—but the Federal Circuit agreed to hear only <u>one case</u> *en banc*.[2]  Rehearing in this case is particularly unlikely as the Federal Circuit panel designated its decision as "nonprecedential," which means it is "one determined by the panel issuing it as not adding significantly to the body of law."  Fed. Cir. R. 32.1(b).  If the panel that decided the case did not think it added significantly to the body of law, there is no reason that the majority of Federal Circuit judges will think the case was of such significance to warrant *en banc* review.  In view of the exceedingly low chance that rehearing will be granted, changing the schedule now would needlessly stall this case and delay resolution of this action.

Plaintiffs are simply looking to delay these proceedings.  The Federal Circuit issued its decision over three weeks ago, yet Plaintiffs have opted to take every minute of time to file their petition.  In contrast, virtually every brief in the preliminary injunction proceedings involving DRL was filed on an expedited basis.  Had Plaintiffs truly thought that a decision on their petition for rehearing would have been beneficial, they could have filed the petition long ago.

Plaintiffs are also disingenuous in their argument over the potential "impact" that the decision may have on the overall case.  Plaintiffs and DRL have been embroiled in preliminary injunction proceedings concerning the '305 Patent since June 15.  When the District Court issued its July 13 decision granting the preliminary injunction, which also "provide[d] a preliminary evaluation of certain issues touching on claim scope" (D.I. 207), Plaintiffs saw no need to adjust the *Markman* schedule to account for the appeal, even though DRL filed its Federal Circuit appeal that same day.  Because Plaintiffs are now on the losing end of the Federal Circuit decision is no reason to change course.  Moreover, the Federal Circuit's decision concerns one disputed term of one of the two asserted patents.  There are additional claim construction disputes that are not part of the Federal Circuit proceedings including claim construction disputes

---

[1] *See Click-To-Call Techs., LP v. Ingenio, Inc., YellowPages.com, LLC*, 710 F. App'x 447 (Fed. Cir. 2018) (granting petition for panel rehearing in light of recent *en banc* decision overruling prior precedent); *Broad Ocean Techs., LLC v. Nidec Motor Corp.*, 727 F. App'x 686 (Fed. Cir. 2018) (granting-in-part petition for rehearing in light of intervening Supreme Court decision, and denying-in-part as to claims not affected by the decision); *Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1375 (Fed. Cir. 2018) (consideration *en banc* of merits panel's decision in light of recent Supreme Court case); *Aqua Prod., Inc. v. Matal*, 872 F.3d 1290, 1302 (Fed. Cir. 2017) (consideration *en banc* of question that the court previously had "limited opportunity or cause to address").

[2] *See* D. Bagatell, Fed. Circ.'s 2017 Patent Decisions: A Statistical Analysis, Law360 (Jan. 5, 2018), available at https://www.law360.com/articles/999115/fed-circ-s-2017-patent-decisions-a-statistical-analysis.



Magistrate Judge Waldor
December 13, 2018
Page 3

relating to the other asserted patent. *See* D.I. 182 (Joint Claim Construction and Pre-Hearing Statement) at 2-7. All the more reason that the parties should proceed as scheduled, so as not to hold hostage proceedings on one term of one asserted patent while the Federal Circuit considers Plaintiffs' rehearing petition.

Finally, the parties and the Court have proven well-equipped to adapt to changing circumstances in a complex case that has many moving parts. There are two cases pending in this Court against DRL and Alvogen. Plaintiffs have another case pending against Actavis in Delaware. That case is also in the midst of claim construction and Defendants understand Plaintiffs are not seeking to halt claim construction in that case. There is also a consolidated, omnibus appeal pending in the Federal Circuit relating to the first wave of cases filed in Delaware—the outcome of which will also "touch[] on claim scope." It is not in the interest of the parties or the judiciary for every development in any of these related proceedings to trip up the case schedule set long ago. The current schedule also provides for a second round of briefing that is still two months away: the deadline for the parties to submit responsive briefs is February 11, 2018. In any event, the Federal Circuit will likely decide (and deny) Plaintiffs' rehearing petition long before the Court will hold a *Markman* hearing or issue its decision on claim construction, even under the current schedule. If Plaintiffs' petition is denied (which is by far the most likely outcome), the current Federal Circuit opinion will continue to stand as authority. In the unlikely event that the petition is granted, that development can be addressed then. Indeed, parties frequently apprise courts of changed circumstances and relevant developments in the law as they arise. There is no reason to deviate from that standard practice in this case. *Markman* briefing should continue under the current schedule.

Respectfully submitted,

s/ Aaron S. Eckenthal
Aaron S. Eckenthal
*Attorneys for Defendants*
*Dr. Reddy's Laboratories S.A.*
*and Dr. Reddy's Laboratories,*
*Inc.*

s/ Arnold B. Calmann
Arnold B. Calmann
*Attorneys for Defendant*
*Alvogen Pine Brook LLC*

cc:     All Counsel of Record (via e-mail)