Charles M. Lizza
William C. Baton
David L. Moses
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com
wbaton@saul.com
dmoses@saul.com

*Attorneys for Plaintiffs Indivior Inc.,
Indivior UK Limited, and
Aquestive Therapeutics, Inc.*

Arnold B. Calmann
Katherine A. Escanlar
SAIBER LLC
One Gateway Center, 10th Floor
Suite 1000
Newark, NJ 07102
(973) 645-4828
abc@saiber.com

*Attorneys for Defendant
Alvogen Pine Brook, Inc.
n/k/a Alvogen Pine Brook LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK LLC, <br><br> Defendant. | Civil Action No. 17-7106 (KM)(CLW) <br> Civil Action No. 18-5285 (KM)(CLW) <br> (Consolidated) <br><br> **ORDER GRANTING MOTION TO SEAL** <br><br> (Filed Electronically) |

**THIS MATTER** having come before the Court pursuant to the consolidated motion of Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. (collectively, "Plaintiffs"), and Defendant Alvogen Pine Brook LLC ("Defendant") (Plaintiffs and Defendant, together, "the parties"), pursuant to Local Civil Rule 5.3(c) and 5.3(g), to seal their Confidential and/or Highly Confidential Information from certain portions of the transcripts from the parties' December 19, 2018 (D.I. 81), December 21, 2018 (D.I. 82), January 22, 2019 (D.I. 97) telephone conferences with Hon. Kevin McNulty, U.S.D.J., and the parties' January 24, 2019 in-person

hearing with the Hon. Kevin McNulty, U.S.D.J. (D.I. 100) [hereinafter, the "Confidential Materials"]; and the Court having considered the written submissions of the parties; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The information that the parties seek to seal has been designated by the parties as "Confidential," "Highly Confidential," and/or "Highly Confidential—Outside Counsels' Eyes Only" Information under the Stipulated Discovery Confidentiality Order entered by the Court on June 19, 2018 (the "DCO") (D.I. 46).

2. By designating the material as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsels' Eyes Only" under the DCO, the parties have represented that the subject information is a trade secret or confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c).

3. This is a complex pharmaceutical patent infringement action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential research, development and business information of the parties. The material identified herein contains information designated by the parties as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsels' Eyes Only," and includes their trade secrets and/or confidential research, development or commercial information.

4. By designating this information "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsels' Eyes Only," it is apparent that the parties have indicated that the

2

public disclosure of this information would be detrimental to their business. Due to the nature of the materials herein, there is no less restrictive alternative to sealing portions of the Confidential Materials.

5. The parties' request is narrowly tailored to only the confidential information contained in the above materials. In this regard, the parties have already filed redacted, non-confidential version of the subject materials.

## CONCLUSIONS OF LAW

6. Upon consideration of the papers submitted in support of the motion, and the information that the parties have designated as "Confidential," "Highly Confidential," and/or "Highly Confidential—Outside Counsels' Eyes Only," the Court concludes that the parties have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that (a) the materials contain confidential information concerning the parties' business; (b) the parties' have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of the confidential information by competitors to the parties' financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

8. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

3

589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

IT IS on this ___20___ day of ___August___, 2019

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the parties' consolidated motion to seal is hereby **GRANTED**.

*s/Cathy L. Waldor*

_____
HON. CATHY L. WALDOR, U.S.M.J.