**NOT FOR PUBLICATION**

INDIVIOR INC., INDIVIOR UK LTD. and
and AQUESTIVE THERAPEUTICS, INC.

      Plaintiffs,

v.

DR. REDDY'S LABORATORIES S.A. and
DR. REDDY'S LABORATORIES, INC.,

      Defendants,

Civil Action No.  17-cv-7111 (KM)(CLW)
Civil Action No.  18-cv-1775 (KM)(CLW)
Civil Action No.  18-cv-5288 (KM)(CLW)

INDIVIOR INC., INDIVIOR UK LTD. and
and AQUESTIVE THERAPEUTICS, INC.

      Plaintiffs,

v.

ALVOGEN PINE BROOK, LLC.

      Defendants,

Civil Action No. 17-cv-7106 (KM)(CLW)
Civil Action No. 18-cv-5285 (KM)(CLW)

## OPINION & ORDER

### I. INTRODUCTION

The motions currently before this Court are brought under consolidated patent infringement lawsuits brought by Indivior concerning various Suboxone patents. Before the Court are two separate motions by plaintiffs, Indivior Inc. and Indivior UK Limited (collectively, "Indivior") and Aquestive Therapeutics, Inc. ("Aquestive" and collectively with Indivior "Plaintiffs"), to bifurcate and stay discovery of Defendants', Dr. Reddy's Laboratories S.A. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL") and Alvogen Pine brook LLC ("Alvogen" and collectively with DRL, "Defendants") in the 17-7106 consolidated action ("Dkt. No. 7106") and 17-7111 consolidated

1

**NOT FOR PUBLICATION**

action ("Dkt. No. 7111"). (Dkt. No. 7111 at DE 326; Dkt. No 7106 at DE 243.) Defendants' opposed this motion (Dkt No. 7111 at DE 336; Dkt. No. 7106 at DE256) and Plaintiffs' replied (Dkt No. 7111 at DE 349; Dkt. No. 7106 at DE 267.) On February 19, 2020, Defendants' sought leave to file a sur-reply, which was not granted and is not considered for purposes of this opinion. (Dkt No. 7111 at 357; Dkt. No. 7106 at 272.)   On January 23, 2020, the Court issued an order denying Plaintiffs request to stay discovery. (Dkt. No. 7111 at DE 336; Dkt. No. 7106 at DE 256.) The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has considered all submissions on both Dockets and for the reasons expressed below, the Court GRANTS Plaintiffs' motion to bifurcate.

## II.   BACKGROUND

The Court will limit the procedural discussion to relevant events of the above motions. Following a related patent infringement litigation in the District of Delaware wherein DRL and Alvogen prevailed, Indivior obtained U.S. Patent Nos. 9,931,305 and 9,687,454 (the "'305 patent" and the "'454 patent," respectively)  and subsequently asserted patent infringement claims against DRL and Alvogen in various cases in the District of New Jersey, which have since been consolidated. (Dkt. Nos. 7106; 7111.) On June 14, 2018, DRL received approval on a generic film product, Suboxone, that led Plaintiff to file a motion for preliminary injunctive relief with regard to the '305 patent against DRL on June 15, 2018 (Dkt. No. 7111 at DE 70), which was granted by the District Court on July 13, 2018 (Dkt. No. 7111 at DE Nos. 121-22). DRL subsequently appealed the District Court's ruling to the Federal Circuit, which on November 20, 2018, issued an opinion reversing and remanding the Preliminarily Injunction against DRL because Indivior was unlikely to succeed on the merits of its patent infringement claim. *Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 752 F. App'x 1024 (Fed. Cir. 2018).

**NOT FOR PUBLICATION**

On January 22, 2019, two days prior to Alvogen's expected approval for its generic film, Indivior filed a motion for a temporary restraining order ("TRO") to prevent Alvogen from launching its generic product (Dkt. No. 7106 at DE 83-84). The District Court granted the TRO on January 24, 2019, which remained in effect until February 19, 2019, the date the Federal Circuit issued its mandate vacating the DRL preliminary injunction and the District Court subsequently vacated the TRO (Dkt. No. 7106 at DE 119; Dkt. No. 7111 at DE 242). Shortly thereafter, both DRL and Alvogen entered the generic market along with several other generics.

On April 9, 2019, Indivior was indicted by a federal grand jury on various counts of health care fraud; wire fraud; and mail fraud.

On June 18, 2019, and August 8, 2019, DRL and Alvogen filed separate motions to Amend/Correct the Answer to the Complaint, respectively. (Dkt. No. 7111 at DE 262; Dkt. No 7106 at DE 174.) After hearing oral argument, on November 19, 2019, this Court issued an opinion granting Defendants' request to file an Amended Answer to the Complaint, including the antitrust counterclaims at issue in these motions. (Dkt. No. 7111 at DE 336; Dkt. No 7106 at DE 256.) Defendants' counterclaims allege that Aquestive and Indivior worked together to exclude generic competition in violation of antitrust laws by improperly acquiring and/or maintaining monopoly power over the market for Indivior's banded Suboxone franchise. (Dkt. No. 7111 at DE 297; Dkt. No 7106 at DE 218.)

On January 10, 2020, Plaintiffs filed a motion to bifurcate and stay Defendants' antitrust counterclaims pending the outcome of the '454 patent infringement litigation, including any discovery. (Dkt. No. 7111 at DE 326; Dkt. No 7106 at DE 243.) On January 23, 2020, in recognition of the potential for substantial discovery overlap, this Court ordered that discovery on both issues shall proceed and that no staging or stay of discovery will take place. (Dkt. No.

7111 at DE 336; Dkt. No 7106 at DE 256.) Now the Court will consider the remaining issue of trial bifurcation.

### III. LEGAL STANDARD

While bifurcation of trial for patent infringement and antitrust counterclaims is not automatic, courts may decide on a case by case basis whether to bifurcate. *Lis v. Robert Packer Hosp*, 579 F.2d 819, 824 (3d Cir. 1978); *see also Wyeth v. Abbott Labs*., 08-cv-230 (JAP), 2010 WL 4553545, at *1 (D.N.J. Nov. 3, 2010). Under Rule 42(b), "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Huertas v. TransUnion*, 08-cv-2009-(JBS)(JS), 2009 WL 10697260, at *1 (D.N.J. Apr. 29, 2009); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 12-cv-2132 (FLW), 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014); *Warner Lambert Co. v. Purepac Pharm. Co.*, 00-cv02053(JCL), 2000 WL 34213890, at *11 (D.N.J. Dec. 22, 2000); *Abraxis Bioscience, Inc. v. Navinta LLC*, 07-cv-1251 (JAP), 2008 WL 2967034, at *8 (D.N.J. July 31, 2008). In deciding whether to bifurcate, courts should consider whether bifurcation will conserve judicial resources, improve the jury's comprehension of the issues, and avoid prejudice. *Ricoh Co. v. Katun Corp.*, 03-cv-2612 (WHW)(SDW), 2005 WL 6965048, at *1 (D.N.J. July 14, 2005).

### IV. DISCUSSION

Plaintiff alleges that bifurcating its patent infringement suit from Defendants' antitrust counterclaims is necessary because it will promote judicial economy, prevent juror confusion, and there will be no cognizable prejudice to the parties. (Dkt. No. 7111 at DE 326; Dkt. No 7106 at DE 243. Regarding judicial economy, Plaintiff specifically alleges that if it prevails on its '454 patent infringement claim, Defendants' antitrust counterclaims related to the '305 patent will be moot. *Id*. Alternatively, DRL alleges that bifurcation is premature, that DRL will be

prejudiced if bifurcation is granted, and that bifurcation will not promote judicial economy because even if Plaintiff prevails on its '454 patent infringement action, it does not affect all of Defendants' counterclaims. (Dkt. No. 7111 at DE 344.) Along those same lines, Alvogen argues that bifurcation is premature and unwarranted but fails to provide a breadth of support for those assertions. (Dkt. No. 7106 at DE 264.) Notably, DRL does not rebut Plaintiffs' assertion that bifurcation will prevent juror confusion.[1]

Notwithstanding Defendants' contentions, the Court is persuaded that Plaintiffs' patent infringement and Defendants' antitrust counterclaims should be bifurcated because it will serve judicial economy, the prejudice to the parties is neutral, and irrespective of whether a jury shall preside over the patent infringement and antitrust counterclaims, bifurcation will prevent the potential for significant juror confusion.

### a.  **Defendants' Claim that Bifurcation is Premature**

In this case, the Court finds that Plaintiff's motion for bifurcation is not premature. Here, the parties have been litigating the issues in this case for nearly three years, discovery on the patent infringement claims is well underway while antitrust discovery is just beginning,[2] the *Markman* hearing took place on October 17, 2019 (Dkt. No. 7106 at DE 211; Dkt. No. 7111 at DE 290), and an Opinion and Order on the *Markman* hearing was issued on November 5, 2019. (Dkt. No. 7106 at DE 215; Dkt. No. 7111 at DE 296.)  Notably, Defendants' fail to cite a single case from this District or Circuit that stands for the proposition that bifurcation at this juncture would be premature. Rather, in each case cited by Defendants, the courts had not yet held *Markman*

---

[1] Alvogen very briefly addresses Plaintiffs' claim that bifurcation will prevent juror confusion but fails to identify how, if at all, Plaintiffs' argument does not demonstrate a juror may be confused by the complexity of issues in this litigation. (Dkt. No. 7106 at DE 264.)

[2] The Court is cognizant that the criminal indictment against Indivior for which Plaintiffs' counterclaims stem, has an ongoing criminal investigation that will play a role in discovery on both the patent infringement and antitrust counterclaims.

hearings and discovery was still in its infancy. *See Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1026 (S.D. Cal. 2019); *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, 11-cv-5474 (FLW)(DEA), 2013 WL 3417416 (D.N.J. July 8, 2013); j2 *Glob. Commc'ns, Inc. v. Captaris*, Inc., 08-cv-262, 2009 WL 10672155 (E.D. Tex. Apr. 16, 2009); *Netflix, Inc. v. Blockbuster, Inc.*, 06-cv-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006). In a similar vein, Alvogen relies on an inapposite case from the District of Colorado to support its contention that bifurcation is premature because Plaintiff's claims may be disposed of at summary judgment. The Court finds this proposition unavailing.

### b. **Judicial Economy**

Plaintiff argues that bifurcation will conserve judicial resources, in that the resolution of the '454 patent infringement suit may moot some, if not all of Defendants' antitrust counterclaims. Defendants' fail to address the issue of judicial economy and instead focus on arguing the merits of Plaintiffs' claims concerning the '454 and '305 patents. Without going into the merits, this Court finds that it is plausible, especially considering the intertwined nature of discovery on both issues, that the adjudication of Plaintiffs' '454 patent infringement claims could at the very least narrow the issues that would need to be presented during trial on the antitrust counterclaims. Courts in this District regularly bifurcate antitrust counterclaims from patent infringement when the resolution of the patent infringement suit may narrow or moot antitrust counterclaims. *Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, 15-cv-3654 (KM)(MAH), 2017 WL 2213123, at *1 (D.N.J. May 19, 2017); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, 118 F. Supp. 3d 646, at 659 (D.N.J. 2015); *Abraxis Bioscience, Inc.*, 07-cv-1251 (JAP), 2008 WL 2967034 (D.N.J. July 31, 2008).

**NOT FOR PUBLICATION**

For these reasons, the Court finds that judicial resources would be conserved through two separate trials.

### c. Prejudice to the Parties

Defendants allege that they will suffer substantial prejudice if bifurcation is granted because Plaintiff may become insolvent by the time the antitrust counterclaims are tried, making it difficult or impossible to recover damages. Plaintiffs similarly argue that they will suffer prejudice if bifurcation is not granted because of the delay in adjudicating the patent infringement claims. However, Courts in this District are not apt to deny bifurcation where prejudice is based upon the purported delay of adjudication. *Depomed Inc. v. Purdue Pharma L.P.*, 13-cv-571 (JAP), 2013 WL 6190380, at *9 (D.N.J. Nov. 26, 2013) ("Although there is an "inevitable delay" associated with "two separate trials," that is not sufficient to prevent bifurcation."); *see also Joy Techs., Inc. v. Flakt, Inc.*, 772 F.Supp. 842, 849 (D.Del.1991).

Accordingly, the Court finds that the prejudice factor does not weigh strongly for or against bifurcation.

### d. Potential for Juror Confusion

"In the context of patent cases, experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to the jury." *Ricoh Co.*, 03-cv-2612 (WHW)(SDW), 2005 WL 6965048, at *1 (D.N.J. July 14, 2005). There are two scenarios that must be addressed regarding the potential for juror confusion. First, Plaintiff alleges that the patent infringement claims will be tried via bench trial while the antitrust claims will be tried to a jury. (Dkt. No. 7111 at DE 349; Dkt. No. 7106 at DE 267.) On the other hand, Defendants appear on some level to contest this assertion via footnote by respectively stating in relevant part that they "ha[ve] not waived

its right to demand a jury on Plaintiffs' infringement claims." (Dkt. No. 7111 at DE 344, n.6; *see also* Dkt. No. 7106 at DE 254, n.4.) Without deciding the validity of either claim, it is clear both scenarios create potential for significant juror confusion. A cursory review of the dockets of these two consolidated actions and the parties' respective briefing on the motion to bifurcate reveals the history of complex legal issues that have burdened this litigation.

To the extent the patent infringement and antitrust counterclaims were to be tried concurrently before a jury, the Court is of the opinion that any juror would be confused by having to consider the complex issues presented in Defendants' antitrust counterclaims alongside Plaintiff's patent claims. This case, and "patent cases in general, involve matters of fact and issues of law that are not as intuitive to the average reasonable juror as more common actions, such as actions for personal injury or breach of contract, would be." *Ricoh Co.*, 03-cv-2612 (WHW)(SDW), 2005 WL 6965048, at *1 (D.N.J. July 14, 2005); *see also Warner Lambert Co.*, 99-cv-05948 (JCL), 2000 WL 34213890, *11 (D.N.J. Dec. 22, 2000) (internal quotation marks omitted).

Alternatively, if the patent infringement and antitrust counterclaims were subject to a combined bench and jury trial there would undoubtably be substantial juror confusion, something the Defendants' do not contest or even address in their briefing. Courts have recognized that "the bifurcation of issues would prevent jury confusion, in that it would enable a jury to concentrate on one complex body of law at a time." *Enzo Life Scis., Inc. v. Digene Corp.*, 02-cv-212 (JJF), 2003 WL 21402512, at *5 (D. Del. June 10, 2003); *see also Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002). Requiring a jury to sit through testimony and presentation that they will not be considering will generate confusion among even the most astute jurors.

**NOT FOR PUBLICATION**

There is no doubt that in either scenario it would be difficult for the parties to have a fair resolution of these claims and therefore, the best way to ensure a jury is able to come to a just and final disposition on the claims is to bifurcate the issues.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to bifurcate Defendants' antitrust counterclaims is **GRANTED.** Furthermore, discovery on all claims shall proceed as previously ordered by this Court.

**Accordingly, it is on this 4th day of May 2020,**

**ORDERED** that Plaintiffs' Indivior Inc. and Indivior UK Limited and Aquestive Therapeutics, Inc., respective Motions to Bifurcate (Dkt. No. 7111 at DE 326; Dkt No. 7106 at DE 243) are **GRANTED.**

*s/ Cathy L. Waldor*
**HON. CATHY L. WALDOR**
**United States Magistrate Judge**