Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com
wbaton@saul.com
sarah.sullivan@saul.com

*Attorneys for Plaintiffs*
*Indivior Inc., Indivior UK Limited, and*
*Aquestive Therapeutics, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALVOGEN PINE BROOK LLC,<br><br>    Defendant-Counterclaim-Plaintiff. | Civil Action No. 17-7106 (KM)(CLW)<br>Civil Action No. 18-5285 (KM)(CLW)<br>(Consolidated)<br><br>(Filed Electronically) |
| ALVOGEN PINE BROOK LLC and ALVOGEN INC.,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>    Counterclaim-Defendants. | |

## ORDER TO SEAL

**THIS MATTER** having come before the Court pursuant to the motion of Indivior Inc. and Indivior UK Limited (collectively, "Indivior") and Alvogen Pine Brook LLC and Alvogen Inc. (together, "Alvogen") to seal Indivior's and Alvogen's confidential information contained in certain portions of the August 29, 2022 Transcript of Oral Argument on Summary Judgment Motions (D.I. 479) (hereinafter, the "Confidential Material"); and the Court having considered the Indivior's and Alvogen's written submissions and the declaration of Sarah A. Sullivan (counsel for Indivior) and Declaration of Andrea J. Sweet (Vice President, Legal Affairs, of Alvogen Group, Inc.); and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The information that Indivior and Alvogen seek to seal has been designated by Indivior and Alvogen as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" under the Stipulated Amended Confidentiality Order entered by this Court (D.I. 315) ("DCO").

2. By designating the material as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" under the DCO, Indivior and Alvogen have represented that the subject information is proprietary and confidential commercial and/or business information within the meaning of Fed. R. Civ. P. 26(c).

3. This is a complex pharmaceutical patent infringement and antitrust action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential commercial and/or business information of the parties. The material identified herein contains information designated by Indivior and Alvogen as "HIGHLY CONFIDENTIAL—OUTSIDE

COUNSEL EYES ONLY," and includes their proprietary and confidential commercial and/or business information (the "parties' Confidential Materials").

4. By designating this information "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY," Indivior and Alvogen have indicated that the public disclosure of this information would be detrimental to their businesses. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the parties' Confidential Materials.

5. Indivior's and Alvogen's request is narrowly tailored to only parties' Confidential Materials.

## CONCLUSIONS OF LAW

6. Upon consideration of the papers submitted in support of the motion, and the information that Indivior and Alvogen have designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY," the Court concludes that Indivior and Alvogen have met their burden of proving, under Local Civil Rule 5.3 and applicable case law, that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the Confidential Material contains confidential information concerning Indivior's and Alvogen's proprietary and confidential commercial and/or business information; (b) Indivior and Alvogen have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to Indivior's and Alvogen's financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

7.  The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this 21st day of September, 2022:

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, the motion to seal, (ECF No. 482), is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the unredacted version of the transcript of the August 29, 2022 motion hearing, (ECF No. 479), shall remain sealed; and

**IT IS FURTHER ORDERED** that the portions of that transcript described in the indices attached to the parties' respective certifications, (ECF Nos. 482-1, 482-3), shall remain sealed and shall be redacted from any publicly available transcript; and

**IT IS FURTHER ORDERED** that the parties shall submit to the court reporter a Statement of Redaction and Sealing, consistent with the terms of this Order, in accordance with Local Civil Rule 5.3(g)(2); and

**IT IS FURTHER ORDERED** that the Court Reporter shall thereafter submit an appropriately redacted version of the transcript to the Clerk of the Court for public filing.

s/ Cathy L. Waldor
HON. CATHY L. WALDOR, U.S.M.J.