UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>         Plaintiffs,<br><br>v.<br><br>ALVOGEN PINE BROOK LLC,<br><br>         Defendant.<br><br>ALVOGEN PINE BROOK LLC and ALVOGEN, INC.,<br><br>         Counterclaim-Plaintiffs,<br><br>v.<br><br>INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>         Counterclaim-Defendants. | Civil Action No. 2:17-cv-07106-KM-CLW<br><br>**ORDER GRANTING MOTION TO REDACT AND SEAL TRANSCRIPT**<br><br>*DOCUMENT FILED ELECTRONICALLY* |

**THIS MATTER** having come before the Court pursuant to the motion of Alvogen Pine Brook LLC and Alvogen, Inc. (together, "Alvogen"), pursuant to Local Civil Rule 5.3(c), to seal portions of the transcript of the hearing held before the Honorable Cathy L. Waldor, U.S.M.J. on November 2, 2022 (ECF No. 498), (hereinafter "Confidential Document"), and Alvogen having reported to the Court that Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. (collectively, "Plaintiffs") do not oppose the entry of the within Order; and the Court having considered the papers submitted in support of the within Motion; and the Court having found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing of the Confidential Document as set forth below; and for the reasons set forth in the record of the

proceedings, and for other and good cause having been shown; the Court hereby adopts the following Findings of Fact and Conclusions of Law:

I. **The Nature of the Materials or Proceedings at Issue**

    A. **Findings of Fact**

        1. Alvogen seeks to permanently seal the Confidential Document.

        2. Local Civil Rule 5.3(c) requires the moving party to show:

            (a) the nature of the materials or proceedings at issue;

            (b) the legitimate private or public interests which warrant the relief sought;

            (c) the clearly defined and serious injury that would result if the relief sought is not granted; and

            (d) why a less restrictive alternative to the relief sought is not available.

        3. The Confidential Document that is the subject of this Motion contains, references, incorporates, and/or reflects Alvogen's sensitive proprietary commercial and business information regarding its pharmaceutical products. Further, this proprietary information is presently confidential and unavailable to the public.

    B. **Conclusions of Law**

        4. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)

(quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

5. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

## II. The Legitimate Private or Public Interest That Warrants the Relief Sought

### A. Findings of Fact

6. The Confidential Document sought to be sealed consist of information that Alvogen asserts is confidential and proprietary.

7. Alvogen has an interest in not publicly disclosing this information, and relies on such information to gain a competitive advantage in the pharmaceutical industry.

### B. Conclusions of Law

8. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

10. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id*. (citations omitted).

### III. Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted

#### A. Findings of Fact

11. In light of its reference to and disclosure of non-public business information that is otherwise unavailable to third parties, the public disclosure of the Confidential Document would pose a substantial risk of harm to Alvogen's legitimate proprietary interests and competitive positions.

12. If the Confidential Document was to become publicly available, Alvogen's competitors could potentially use that information in the highly competitive generic pharmaceutical marketplace.

#### B. Conclusions of Law

13. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

14. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury.

*See Publicker*, 733 F.2d at 1071.

**IV.    No Less Restrictive Alternative is Available**

    **A.    Findings of Fact**

        15.    The request to seal the Confidential Document is tailored to restrict access only to Alvogen's confidential and proprietary nonpublic business information.

        16.    The disclosure of this confidential, proprietary information would pose a financial and competitive risk to Alvogen. Accordingly, the only way to protect its confidential interests is to seal the Confidential Document.

        17.    Only those portions of the Confidential Document containing confidential and proprietary information will be sealed.

    **B.    Conclusions of Law**

        18.    The sealing of Confidential Document and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

        19.    Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

        20.    For all the above reasons, and because Alvogen's interests in its Confidential Document identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Seal and Redact with respect to Alvogen's Confidential Document identified below.

**THEREFORE**, for the above reasons, it is on this **6th day of December, 2022**,

**ORDERED** that Alvogen's unopposed Motion, pursuant to Local Civil Rule 5.3(c), to

permanently seal portions of the transcript of the hearing held before the Honorable Cathy L. Waldor, U.S.M.J. on November 2, 2022, (ECF No. 504), is hereby **GRANTED**; and it is further

**ORDERED** that the unredacted version of that transcript, (ECF No. 498), shall remain sealed; and it is further

**ORDERED** that the following portion of the transcript for the November 2, 2022 conference shall hereby remain sealed:

| Transcript Pages and Lines | Identifiers |
| --- | --- |
| Page 5, Line 25 | All words between "of" and "And" |

and it is further

**ORDERED** that a redacted version of the transcript, in which only the confidential information described above has been redacted, shall be available on the public docket; and it is further

**ORDERED** that Alvogen shall prepare and redact the transcript consistent with the terms of this Order and shall provide the Court reporter with an electronic version of the redacted transcript, if it has not done so already.

s/ Cathy L. Waldor
**HON. HONORABLE CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**